UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIRAY ANTONIA OLGUIN-BRISENO, et al., <br> Plaintiffs, <br> v. <br> RAVAX TRUCKING LTD., et al., <br> Defendants. | Case No. 17-cv-01641 NC <br><br> **ORDER TO SHOW CAUSE REGARDING GUARDIAN AD LITEM** |

On June 13, 2018, plaintiff Maria Briseno filed a motion for approval of settlement on behalf of Desiray Antonia Olguin-Briseno. Desiray is a minor. In the court documents in this case, Maria Briseno has styled herself as Desiray's "guardian ad litem." *See e.g.*, Dkt. No. 28. Yet a guardian ad litem must be appointed by the Court, and no such motion has been made to the Court.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Id.* (quoting Fed. R. Civ. P. 17(c)(2)). "The decision to appoint a guardian ad litem under Rule 17(c) is normally left to the sound discretion of the trial court[.]" *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014).

Case No. 17-cv-01641 NC

Thus, before the Court may consider the motion for approval of the settlement, the Court must first consider Maria Briseno's motion to be appointed as guardian ad litem. This motion must be filed with the Court by June 22, 2018.

**IT IS SO ORDERED.**

Dated: June 15, 2018

                                     _____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 17-cv-01641 NC   2